# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW R. PERRONG** | ) | |
| **1657 The Fairway #131 Jenkintown, PA 19046** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| **vs.** | ) | **No.**_____ |
| | ) | |
| **ELITE CHIMNEY SOLUTIONS INC. ("ECS")** | ) | |
| **67 B GRAND AVENUE** | ) | |
| **MASSAPEQUA, NY 11758,** | ) | |
| | ) | |
| **DENISE L. RIVERA, Individually and as** | ) | |
| **Chief Executive Officer / Principal of ELITE,** | ) | |
| | ) | |
| **and** | ) | |
| **DOES 1 through 100, inclusive,** | ) | |
| | ) | |
| **Defendants.** | ) | **Jury Trial Demanded** |
| | ) | |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of ELITE CHIMNEY SOLUTIONS INC. ("ECS"), DENISE L. RIVERA, Individually and as Chief Executive Officer of ECS ("RIVERA"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* with deliberate transmission of false caller identification ("Caller ID Spoofing") in violation of the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e) and related claims that form part of the same claim or

controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.     Introduction

1.   Defendant ELITE CHIMNEY SOLUTIONS INC. ("Company") is a corporation incorporated in the State of New York that markets and sells, *inter alia,* chimney cleaning services to individuals throughout the northeastern United States. Its principal mailing address is located at 67 B GRAND AVENUE MASSAPEQUA, NY 11758.

2.   Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, illegal caller ID spoofing, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3.   All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.     Jurisdiction and Venue

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that

"venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

### III.    Parties

6.    Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private domicile telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7.    Defendant ELITE CHIMNEY SOLUTIONS INC. ("Company") is a corporation incorporated in the State of New York that has been in existence for approximately a year and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has a mailing address located at 67 B GRAND AVENUE MASSAPEQUA, NY 11758.

8.    Defendant DENISE L. RIVERA ("RIVERA") is an adult individual who is the Chief Executive Officer / Principal of Company, and upon information and belief is the Company's Primary Owner. RIVERA is an adult individual and citizen of the United States. As Chief Executive Officer of Company, RIVERA is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, New York, and nationwide.

9.    Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

3

10. At all times herein mentioned, Company, RIVERA, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.  Factual Allegations

13. In or about March 9th , 2017, Plaintiff received the first of multiple "robocall" solicitations by Defendants and/or their agents at Plaintiff's personal domicile telephone, 215-947-1920. Plaintiff had not consented to this solicitation.

14. The unsolicited telephone call was placed to Plaintiff's personal domicile telephone

number and utilized an "automatic telephone dialing system" or "robocall," to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

15. The telephone call was a "robocall" because there was a delay before an agent answered the phone, and because the call made a characteristic computerized "balloon popping" sound just before the call was connected.

16. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

17. Plaintiff's telephone number was on the Federal Do-Not-Call registry for over 11 years prior to this illegal unsolicited phone call.

18. The call on March 9th, 2017 was a "robocall" because there was a significant delay before the call was disconnected.

19. After saying "hello" multiple times, Plaintiff was hung up on with no response, as is characteristic of automatic dialers.

20. Plaintiff then received another call from the same caller ID number, 610-590-4879, on March 16, 2017.

21. The call on March 16th, 2017 was a "robocall" because there was a significant delay before the other party answered and there was a period of silence before the other party answered.

22. Plaintiff spoke to the agent, "Laura" that answered and confirmed corporate identity with the agent, including company website and address.

23. When asked to be placed on Company's Do-Not-Call list and send Plaintiff a copy of Company's Do-Not-Call policy, "Laura" hung up and disconnected the call.

24. Plaintiff then called the telephone of RIVERA. During the call, RIVERA admitted to using an automated telephone dialing system, a "dialer" to make calls, but said that such numbers were "scrubbed" and did not know why Plaintiff was called, and assured Plaintiff that she would investigate the matter further.

25. Plaintiff again called RIVERA on March 20, 2017 to discuss the matter. During that call, RIVERA admitted that Company placed two calls, but denied liability, stated she did not know why the calls were scrubbed, and did not want to settle, hence the instant case.

26. RIVERA also refused numerous written requests to provide a copy of Company's Do-Not-Call policy and to be placed on Company's Do-Not-Call list.

27. The unsolicited "robocall" telephone call transmitted the false caller ID information of 610-590-4879, and the fictitious caller ID name of "Chester Springs PA" which was deliberately used by Company in order to conceal Company's identity and illegal actions.

28. Plaintiff received the call on his private domicile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

29. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

30. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" to transmit a message or make calls.

31. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

32. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47

U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## V.   Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34.  As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

36. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

37. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

38.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

**Third Cause of Action**

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

41. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fourth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

44. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Caller ID Spoofing"
Prohibition, 47 U.S.C. § 227 et seq.)

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Sixth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**Seventh Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

10

56. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## Eleventh Cause of Action

(Fraud)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. Defendants and Defendants' agents made the willful and knowingly false statements to Plaintiff of transmitting false caller identification information, and concealing company identity, when Company made their "RoboCall"/Sales Calls to Plaintiff's private domicile telephone. Plaintiff suffered damages due to reliance on Company's false statements as Plaintiff answered a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

## Twelfth Cause of Action

(Negligence)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. Defendants and Defendants' agents violated their duty of care to intended recipients of their telephone sales solicitations by, *inter alia*, breaching the statutory prohibitions against caller ID spoofing and robocalling. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not

have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

## **Thirteenth Cause of Action**

### (Trespass to Chattel)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. Defendants and Defendants' agents conduct of telemarketing, robocalling, and caller ID spoofing constituted an electronic trespass to Plaintiff's private domicile telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

63.  At no time did Plaintiff consent to this trespass.

64.  Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## **Fourteenth Cause of Action**

### (Conversion)

65. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

66. Defendants and Defendants' agents conduct of telemarketing, robocalling, and caller

ID spoofing constituted a conversion of Plaintiff's private domicile telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

67.  Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

68.  At no time did Plaintiff consent to this conversion.

69. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

**VI.**      **Prayer for Relief**

On Causes of Action 1-10:

1.  For awards of $500 for each negligent violation as set forth in actions 1-10;

2.  For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-10.

3.  Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: **$15,000** (Two counts each of: sales call, "robocall", transmission of false caller ID, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, with treble damages for each.)

For Causes of Action 11-14:

      4.   Compensatory, general, incidental, and consequential damages according to proof;

      5.   Punitive and special damages according to proof;

For All Causes of Action:

      6.   Punitive damages to punish Defendants for their willful, illegal, and deliberate

 tortious conduct and to deter others who may otherwise engage in similar willful illegal and

deliberate tortious conduct;

      7.   Prejudgment interest at the maximum legal rate;

      8.   Costs of suit herein incurred; and

      9.   All such other and further relief as the Court deems proper.

## VII.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: _____

_____

Andrew Perrong

*Plaintiff Pro-Se*

1657 The Fairway #131

Jenkintown, PA 19046

Phone: 215-791-6957

Facsimile: 888-329-0305

andyperrong@gmail.com
